ANGELINE HACKNEY, ET AL., *v.* LOUISVILLE & N. R. Co.

[Abstract Kentucky Law Reporter, Vol. 1—357.]

**Trespass.**

It is not necessary that the owner of land should reside upon it to entitle her to maintain trespass against a railroad company for entering upon and building its road over it.

**Evidence of Surveyor in Locating Land.**

In a suit against a railroad company for trespass in appropriating one's land to build its road upon, it is error to exclude the evidence of the surveyor as to the survey which he had made. The plaintiff should have been allowed to identify the survey, and, if successful in this, he would be entitled to have it read in evidence as a part of the witnesses' testimony.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

October 28, 1880.

OPINION BY JUDGE HARGIS:

This action was brought by the appellants for trespass to the lands of the wife against the appellee, the Louisville & Nashville R. Co., averring that it had entered and constructed its road upon and across a tract of about fifty-two acres of land, which was in part the dower

of the wife in a former husband's estate, that the remainder of it belonged to her absolutely, and that the road continues the use.

The appellee did not deny building its road over the land described in the petition, but in legal effect denied that the appellants owned or had any valid deed to the land, or was living on it when the road was constructed, and averred that it had no notice of their claim, and no demand for compensation had been made by the company. It also averred that the right of way had been relinquished by appellants, but that the deed therefor had been burnt in the county court clerk's office of Rockcastle county, the records of which were burned in August, 1873. It will be seen by an examination of this pleading that it does not deny that appellants had control of the land at the time the company entered.

The appellee cannot justify or excuse the entry by the weakness or insufficiency of appellant's title. It is not necessary to live upon the land or have a valid deed therefor in order to maintain trespass against a mere wrongdoer. The control either with or without living upon it is enough. The parol evidence of the division and description of the dower as shown by the county court records before they were burnt was competent. The appellee omitted to offer any evidence of the existence or contents of the alleged but disputed relinquishment, which it avers was burnt in the same office where the division giving the female appellant dower was alleged to have been also recorded. The failure to offer such evidence may have been caused by a desire to sustain the untenable objections to the parol evidence offered by appellants of the contents of the records as to the dower, or because no such relinquishment had been made; and it may serve, as it seems to us, to show both reasons. It was error to exclude the evidence of the surveyor as to the survey which he had made. When appellants proposed to identify the survey by him they should have been allowed to do so, and, if successful, they were entitled to have it read as a part of the witness' evidence, as no surveyor could with any degree of certainty report from memory the calls and distances to such an extent as shown by the lines of this tract of land.

The only issues for the jury to try, as made by the pleadings in this case, were whether appellants had possession or legal control of the land, and the character of entry and extent of injury committed by appellee, or whether the relinquishment of the right of way had been given.

The judgment is therefore *reversed* and cause remanded with directions to grant appellants a new trial and for further proceedings not inconsistent with this opinion.

*G. Pearl, for appellants.    R. M. & W. O. Bradley, for appellee.*
[Cited, *Hall v. Deaton*, 24 Ky. L. 314, 68 S. W. 672.]